*United States v. Cimino*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand sixteen.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No.    15-657

CARY CIMINO,

*Defendant-Appellant.*

_____

**FOR APPELLANT:**          ADAM M. FELSENSTEIN (Roger L. Stavis, Norman Trabulus, *on the brief*), Gallet Dreyer & Berkey, LLP, New York, NY.

**FOR APPELLEE:**          EDWARD A. IMPERATORE (Anna M. Skotko, *on the brief*), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Colleen McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Cary Cimino appeals from his conviction, after a jury trial, and sentence for distributing and possessing with intent to distribute oxycodone, and conspiring to do so, in violation of 21 U.S.C. §§ 841(b)(1)(c) and 846. Cimino argues that the district court erred in admitting recordings of conversations between Cimino and a confidential informant because he was not able to confront the informant. Cimino also contends that he was entitled to a jury instruction on the lesser-included offense of simple possession. Finally, Cimino argues that his sentence is procedurally unreasonable because the district court erred in calculating the quantity of drugs and applying an obstruction-of-justice enhancement at sentencing. We assume the parties' familiarity with the facts, to which we refer only as necessary to explain our decision to affirm the conviction and sentence.

1.     Confrontation Clause

"Alleged violations of the Confrontation Clause are reviewed *de novo*, subject to harmless error analysis." United States v. Vitale, 459 F.3d 190, 195 (2d Cir. 2006). Cimino argues that the admission of recorded converations between himself and a confidential government informant violated the Confrontation Clause where the government did not call the informant as a witness and she invoked her Fifth Amendment privilege against self-incrimination when called by Cimino.

The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had

2

a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53–54 (2004). The admission of recordings that contain the voice of the defendant and a confidential informant does not violate the Confrontation Clause where the informant's statements are used only to provide context to the defendant's statements, and not for the truth of the matter asserted, as such statements are nontestimonial in nature. See, e.g., United States v. Burden, 600 F.3d 204, 224-25 (2d Cir. 2010); United States v. Paulino, 445 F.3d 211, 216-17 (2d Cir. 2006); United States v. Barone, 913 F.2d 46, 49 (2d Cir. 1990). Nothing in our prior cases establishes, as Cimino suggests, that recorded statements made by a confidential informant, used at trial to place the defendant's own statements in context, become testimonial when the recordings constitute the main evidence against the defendant or when the confidential source is unavailable to testify.

Since the statements were not testimonial, the informant's invocation of her Fifth Amendment privilege did not deny Cimino any right under the Confrontation Clause. In any event, the district court did not err in allowing the informant to invoke her Fifth Amendment right in response to defense counsel's questioning.

When a witness at a criminal trial asserts her Fifth Amendment privilege, the district court must "undertake a particularized inquiry to determine whether the assertion was founded on a reasonable fear of prosecution as to each of the posed questions." United States v. Zappola, 646 F.2d 48, 53 (2d Cir. 1981). The district court conducted such a particularized analysis by allowing defense counsel to pose questions to the confidential informant outside the presence of the jury. The district court did not err in

3

concluding that the questions could incriminate the informant, who lacked immunity, with respect to unauthorized criminal activities that she engaged in before, during, and after her acting as a confidential informant.[1]

2.      Jury Instruction

Cimino also challenges the district court's failure to instruct the jury on the lesser-included offense of simple possession. Federal Rule of Criminal Procedure 31(c) permits a jury to return a verdict of guilty as to "an offense necessarily included in the offense charged." Pursuant to this rule, a criminal defendant is entitled to a lesser-included offense instruction if "the evidence at trial permits a rational jury to find the defendant guilty of the lesser offense and acquit him of the greater." United States v. Diaz, 176 F.3d 52, 101 (2d Cir. 1999). Whether the evidence justifies a lesser-included offense charge is a decision committed to the discretion of the trial judge. United States v. Busic, 592 F.2d 13, 25 (2d Cir. 1978).

The district court did not abuse its discretion in finding on the record in this case that no rational jury could find Cimino guilty of simple possession and acquit him of distribution. There was ample evidence in the record that Cimino actually distributed narcotics to the confidential source in exchange for money and planned to distribute additional drugs.

---

[1] Cimino argues that the informant had "de facto immunity" from prosecution, based on his speculation that the government likely would not prosecute her. Our precedent does not recognize any such "de facto" immunity. United States v. DeSena, 490 F.2d 692, 694 (2d Cir. 1973), relied on by Cimino, uses the term "de facto immunity" to refer to a public, official, judicially-enforceable promise of non-prosecution in connection with a guilty plea. No such promise was shown here.

4

Cimino's arguments to the contrary turn on the idea that a person is not guilty of distributing narcotics if she lacks a pecuniary motive.  That argument lacks a basis in law.  "Distribution" of narcotics requires only that an individual actually or constructively transfer narcotics to another person, 21 U.S.C. §§ 802(8), (11), and a person may be convicted of distribution when she shares narcotics without any exchange of money, let alone where, as here, the defendant received a payment, albeit without making a profit.  United States v. Wallace, 532 F.3d 126, 129 (2d Cir. 2008).[2]  Accordingly, even if the jury believed that Cimino lacked a pecuniary motive and proposed only to purchase drugs in bulk, some of which would be provided to others at cost, the district court did not err in concluding that no rational jury could convict only of simple possession on such evidence.

### 3.    Sentencing

Cimino also argues that his sentence was procedurally unreasonable because the district court miscalculated the drug quantity involved in his offense and erroneously applied a two-level enhancement for obstruction of justice.  A district court "errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact."  United States v. Cavera, 550 F.3d 180, 188 (2d Cir. 2008).  A district court must find disputed facts relevant to sentencing by a preponderance of the

---

[2] To the extent that this Court has recognized an exception for joint purchasers of drugs, this exception is limited to circumstances where multiple persons "simultaneously acquired possession at the outset for their own use."  United States v. Swiderski, 548 F.2d 445, 450-51 (2d Cir. 1977).  Cimino's proposed "pooling" scheme envisioned Cimino acquiring drugs on behalf of others rather than simultaneous possession at the outset, and thus is outside the "joint purchaser" exception.

evidence. United States v. Garcia, 413 F.3d 201, 220 n.15 (2d Cir. 2005).

"Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1 cmt. n.5. "In making such an estimate, the court has broad discretion to consider all relevant information. . . ." United States v. Blount, 291 F.3d 201, 215 (2d Cir. 2002). "[W]hen the calculation of the base offense level depends on the quantity of narcotics attributable to a defendant who was a member of a narcotics distribution conspiracy, . . . all transactions engaged in by him or by his coconspirators may be considered if the transactions were either known to him or reasonably foreseeable to him." United States v. Negron, 967 F.2d 68, 72 (2d Cir. 1992). Because a government informant lacks criminal intent, the requisite agreement to distribute narcotics requires the defendant to conspire with someone other than a government informant. United States v. Vazquez, 113 F.3d 383, 387 (2d Cir. 1997).

Though it is a relatively close call, the district court's finding that Cimino conspired with his supplier to distribute 1,000 30-milligram oxycodone pills to his fellow drug users is not clearly erroneous. The recordings show that Cimino asked his supplier to set aside 1,000 pills for him, and, as relayed by Cimino, his supplier agreed to do so. Later conversations between the confidential informant and Cimino reference that planned transaction. While the evidence shows that this deal later fell apart when the supplier was unable to procure 1,000 oxycodone pills, this does not negate the original

6

agreement.[3]

Cimino also contends that the district court made insufficient factual findings to justify a two-level enhancement for obstruction of justice. An obstruction of justice enhancement under U.S.S.G. § 3C1.1 is appropriate where a defendant threatens, intimidates, or otherwise unlawfully influences a witness, or attempts to do so. U.S.S.G. § 3C1.1 cmt. n.4(A). However, "we have generally limited the application of [U.S.S.G. § 3C1.1] to those cases in which the defendant had the specific intent to obstruct justice." United States v. Khedr, 343 F.3d 96, 102 (2d Cir. 2003) (internal quotation marks omitted). "In determining the intent with which a defendant acted, a district court is entitled to rely on . . . all reasonable inferences that may be drawn from all of the evidence," id., and "[w]e generally defer to a sentencing court's findings as to what a speaker meant by his words, and how a listener would reasonably interpret those words," United States v. Gaskin, 364 F.3d 438, 466 (2d Cir. 2004) (internal quotation marks omitted).

---

[3] The district court did commit clear error in finding that Cimino conspired to distribute an additional 60 Adderall pills. The only evidence linking Cimino to these pills is a statement that he has a "shot" at acquiring them, J.A. 200, and would like to sell them if he does. That passing comment, which does not include a reference to a third party from whom Cimino would acquire the pills, and references a desire to commit a criminal act rather than an agreement to do so, is insufficient to establish by a preponderance of the evidence that Cimino conspired to distribute 60 Adderall pills with a person other than the informant. However, because the exclusion of these pills from the drug quantity calculation does not affect the Guidelines range, any error is harmless. United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009).

The district court found that Cimino pressured a witness, Te'sa Lubans, to lie on his behalf. In addition to Lubans's testimony, which recounted several encounters she had with Cimino, the district court also considered a hostile Facebook message that Cimino sent to Lubans. Upon considering this evidence, the district court found that, while Cimino never explicitly asked Lubans to lie,[4] he in fact asked her to do so by telling her she could "make this all go away," and "undertook an attempt to influence [Lubans's] testimony in a way that [Lubans] did not feel was warranted." J.A. 267. Those findings, which are not clearly erroneous, allow the district court to reasonably infer that Cimino had the specific intent to influence a witness's testimony and apply an obstruction of justice enhancement.

We have considered Cimino's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[4] Cimino contends that his requests that Lubans testify that "he was not a drug dealer," but was a drug user, J.A. 267, were not requests for false testimony because he did not subjectively believe he was a drug dealer. The district court was not, however, required to credit this explanation in light of the hostile and aggressive nature of Cimino's communications.